UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT DAISLEY, | ) | 3:16-cv-00519-HDM-WGC |
|         Plaintiff, | ) | |
| vs. | ) | ORDER |
| BLIZZARD MUSIC LIMITED (US) and JOHN MICHAEL OSBOURNE, | ) | |
|         Defendant. | ) | |

Before the court is the defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) (ECF No. 8). Plaintiff Robert Daisley ("plaintiff") has opposed (ECF No. 14), and defendants have replied (ECF No. 16).

The court may transfer venue to any district "where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Transfer is appropriate when the moving party shows: (1) venue is proper in the transferor district court; (2) the transferee district court has personal jurisdiction over the defendants and subject matter jurisdiction over the claims; and (3) transfer will serve the

convenience of the parties and witnesses, and will promote the interests of justice." *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008).  The court must weigh several factors in determining whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two forums; (7) the availability of compulsory process to compel witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

  Having considered the parties' pleadings and the relevant factors above, the court concludes that the parties should provide the court with additional argument and evidence specifically directed to whether the Central District of California court would have personal jurisdiction over defendant Blizzard US and subject matter jurisdiction over the plaintiff's claims.  Accordingly, defendants are hereby ordered to supplement their motion to transfer venue on or before February 6, 2017, to address the above factors.  Plaintiff shall have until February 13, 2017, to file any response.

  IT IS SO ORDERED.

  DATED: This 27th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE